# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LOUISIANA STATE** | **CIVIL ACTION** |
| **VERSUS** | **No. 17-17917** |
| **GEORGE SHORT** | **SECTION I** |

## ORDER AND REASONS

State court subpoenas are seldom the subject of federal litigation. Every now and then, however, cases concerning the validity of such subpoenas end up before an Article III court. This is one of those cases.

On December 7, 2017, the Orleans Parish Criminal District Court issued a subpoena to FBI Special Agent Steven Rayes ordering him to appear and testify in the above-captioned criminal matter.[1] The United States then removed the state court proceedings related to the subpoena to this Court pursuant to the federal officer removal statute.[2] *See* 28 U.S.C. §§ 1442(a)(1), (d)(1).[3]

The United States has now filed a motion[4] to quash the state court subpoena issued to Special Agent Rayes and to dismiss the case for lack of subject matter jurisdiction. The motion is unopposed.[5]

---

[1] R. Doc. No. 1-2.
[2] R. Doc. No. 1.
[3] In 1992, the Fifth Circuit held that "the mere issuance of a Louisiana state court subpoena to a federal officer . . . triggers § 1442(a)." *State of Louisiana v. Sparks*, 978 F.2d 226, 232-33 (5th Cir. 1992). Congress went on to codify this holding in 28 U.S.C. § 1442(d)(1). *See* Removal Clarification Act of 2011, Pub. L. 112-51, 125 Stat. 545.
[4] R. Doc. No. 3.
[5] *See* E.D. La. Local Rule 7.5.

1

After reviewing the motion and the applicable law, the Court concludes that the United States' request is the proper course of action. *See, e.g.*, *Louisiana v. Scire*, No. 93-3406, 1994 WL 35595 (5th Cir. 1994); *State of Louisiana v. Sparks*, 978 F.2d 226 (5th Cir. 1992). "[S]overeign immunity prevents the enforcement of a [state court] subpoena against the United States absent an express waiver." *Scire*, 1994 WL 35595, at *1. Where the United States does not provide such a waiver—and it has clearly indicated that it does not[6]—the Fifth Circuit has directed that a state court subpoena issued to a federal officer for or relating to any acts under color of his office "should be quashed and th[e] case should be dismissed on sovereign immunity grounds." *Sparks*, 978 F.2d at 236.

Accordingly,

**IT IS ORDERED** that the subpoena issued by the Orleans Parish Criminal District Court to Special Agent Rayes is **QUASHED** and the case is **DISMISSED** on the basis of sovereign immunity.

New Orleans, Louisiana, January 18, 2018.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[6] *See* R. Doc. No. 3, at 1.

2